UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JPMORGAN CHASE BANK, NATIONAL
ASSOCIATION,

        Plaintiff,

- against -

JAMES D. NELL a/k/a JAMES NELL;
WASHINGTON MUTUAL BANK, A
FEDERAL ASSOCIATION; NYC PARKING
VIOLATIONS BUREAU; "JOHN DOES #1 - 5"
and "JANE DOES #1 – 5" said names being
fictitious, it being the intention of the Plaintiff to
designate any and all occupants, tenants or
corporations, if any, having or claiming an
interest in or lien upon the premises being
foreclosed herein,

        Defendants.
----------------------------------------------------------X
JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION,

        Third-Party Plaintiff,

- against -

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER OF
WASHINGTON MUTUAL BANK,

        Third-Party Defendant.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
10-CV-1656(RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

      The Federal Deposit Insurance Corporation ("FDIC"), in its capacity as receiver for Washington Mutual Bank, F.A. ("WaMu"), moves to intervene in this foreclosure action as a counterclaim defendant pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b). The FDIC seeks to defend certain counterclaims by defendant mortgagor James Nell ("Nell")

1

asserted against WaMu's successor-in-interest JPMorgan Chase Bank, N.A. ("Chase"): counterclaims two (violation of the Truth in Lending Act), four (recoupment), five (unjust enrichment), six (conspiracy to commit fraud), and seven (deceptive trade practices) (together, the "Borrower Claims"). If intervention is granted, the FDIC also asks the Court to dismiss Chase's third-party complaint against it as moot, since Chase only seeks indemnification from the FDIC for the Borrower Claims.

The FDIC also moves under Rule 12(b)(1) to dismiss the Borrower Claims without prejudice pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989, codified as amended in the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d) (2011) ("FIRREA"). The FDIC alleges that Nell failed to exhaust his Borrower Claims through the FDIC's administrative review process, barring him from raising those claims in this Court.

For the reasons that follow, the Court grants the FDIC's motion to intervene (Doc. No. 19), dismisses Chase's third-party complaint against the FDIC, and dismisses the Borrower Claims for lack of jurisdiction. Further, since the FDIC's party status was the only basis for federal jurisdiction here. The Court remands the remaining claims to New York Supreme Court, Richmond County.

# BACKGROUND[1]

On or about July 30, 2004, Nell acquired residential property at 16 Turf Road, Staten Island, New York by virtue of a $386,250 mortgage (the "Mortgage") issued by WaMu.

On September 25, 2008, the Office of Thrift Supervision declared WaMu insolvent and appointed the FDIC to act as receiver pursuant to 12 U.S.C. §§ 1464(d)(2)(A) and 1821(c)(5). The FDIC became successor-in-interest to WaMu, assuming all of its rights, titles, powers, privileges and operations. On that same date, the FDIC sold WaMu's assets to Chase, pursuant to a Purchase and Assumption Agreement ("P & A Agreement").[2] Notably, P & A Agreement Section 2.5 excluded the transfer of any liability for claims seeking monetary relief arising out of WaMu's pre-failure lending activities; the FDIC retained exclusive liability for these claims.

On July 20, 2009, Chase, as successor-in-interest to WaMu's mortgage assets, commenced a foreclosure action against Nell in New York Supreme Court, Richmond County. In opposition, Nell brought foreclosure misconduct counterclaims directly against Chase, but also alleged WaMu's misconduct in the underlying mortgage-lending process. Despite relying in part on WaMu's conduct in asserting his Borrower Claims, Nell directed those claims solely against Chase on a successor-in-interest theory.

---

[1] The following facts are drawn from the parties' pleadings, documents incorporated therein, and documents possessed by or known to a party and relied upon by that party in bringing its claims. *See ATSI Commc'ns, Inc. v. Schaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). Facts are uncontested unless otherwise noted. In considering a motion to intervene, a district court must accept as true all non-conclusory allegations of the movant. *United Parcel Serv. of Am., Inc. v. The Net, Inc.*, 225 F.R.D. 416, 421 (E.D.N.Y. 2005). In contrast, when reviewing a motion to dismiss claims under Rule 12(b)(1), the court must accept as true the material factual allegations of the non-movant claimant. *Shipping Fin. Serv. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The party asserting jurisdiction cannot, however, defeat a Rule 12(b)(1) motion by relying solely on conclusory allegations, *see Zappia Middle East Const. Co. Ltd v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000), and the court should refrain from "drawing from the pleadings inferences favorable to" that party. *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted). A court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional issues. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).

[2] Chase and the FDIC assert that Nell's Mortgage was among those transferred under the P & A Agreement. (*See* Reply Mem. (Doc. No. 21).) Nell's challenge to this assertion is discussed *infra* in Section I.B.

Chase notified the FDIC of Nell's Borrower Claims on or about October 26, 2009. On December 2, 2009, the FDIC moved to intervene in the state court foreclosure action by Order to Show Cause. In an opinion dated February 18, 2010, the state court denied the FDIC's motion to intervene.

Chase then sued the FDIC in a third-party state court action filed on March 30, 2010, seeking indemnification for any pre-acquisition lender liability attributable to WaMu's conduct in issuing the Mortgage. On April 14, 2010, third-party defendant FDIC removed both the third-party and foreclosure actions to this Court pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1441, 12 U.S.C. § 1819(b)(2)(B), and 12 U.S.C. § 1821(d)(6)(A). On June 14, 2010, Nell moved under 28 U.S.C. § 1447(c) to remand the actions to state court, arguing that the FDIC's removal was untimely. In an order dated November 9, 2010 (Doc. No. 16), this Court denied Nell's motion

On February 28, 2011, the FDIC moved under Rule 24(a)(2), or alternatively Rule 24(b), to intervene as a counterclaim defendant as to the Borrower Claims. (Mot. to Dismiss and Intervene (Doc. No. 19).) The FDIC also moved under FIRREA and Rule 12(b)(1) to dismiss Nell's counterclaims and Chase's third-party complaint without prejudice, arguing that 12 U.S.C. §§ 1821(d)(3)–(13) denies this Court jurisdiction over creditor claims against the FDIC as receiver until they have been exhausted in the FDIC's administrative claims review process. (*Id.*)

On March 11, 2011, Nell opposed the FDIC's motion to intervene. (Opp. Mem. (Doc. No. 20).) Nell contends that the motion is untimely, and that the FDIC and Chase have not established that his Mortgage was among those assets transferred from WaMu under the P & A Agreement. (*Id.* at 6.) In response, on April 4, 2011, the FDIC provided executed copies of the P & A Agreement and Mortgage, along with a declaration by a Chase Mortgage Officer

confirming Chase's purchase of the Mortgage. (*See* Attachments to Reply Mem. (Doc. No. 21).) Chase submitted no opposition to the FDIC's motion.

## DISCUSSION

### I. Motion to Intervene

#### A. Standard

A party may intervene as of right pursuant to Rule 24(a)(2) if: "(1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties." *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 389 (2d Cir. 2006). The test is flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria. *Long Island Trucking, Inc. v. Brooks Pharmacy*, 219 F.R.D. 53, 55 (E.D.N.Y. 2003) (citing *Tachiona v. Mugabe*, 186 F. Supp. 2d 383, 394 (S.D.N.Y. 2002)).

#### B. Analysis

Nell challenges the FDIC's motion only under the first two Rule 24(a)(2) factors, timeliness and interest.

In this Circuit, "[t]he determination of timeliness [under Rule 24] is within the discretion of the district court," and its discretion should be exercised based on the "totality of circumstances." *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (internal quotation marks and citation omitted). "It is firmly established that the most significant criterion in determining timeliness is whether the delay in moving for intervention has prejudiced any of the

5

existing parties." *Hartford Fire Ins. Co. v. Mitlof*, 193 F.R.D. 154, 160 (S.D.N.Y. 2000) (citation omitted).

The FDIC first moved to intervene in state court in December of 2009, only four months after Nell filed his Borrower Claims. Although the FDIC was denied intervention in state court, it advised Nell that it would seek to intervene in this Court only two months after Nell's motion to remand was denied. (*See* Joint Proposed Briefing Schedule of Jan. 12, 2011 (Doc. No. 17).) The FDIC surely did not prejudice Nell, already on notice of its intent, by allowing this Court to resolve his remand motion before presenting its motion. Courts in this Circuit have found delays greater than two months to be reasonable in the absence of intervening substantive action. *See, e.g., Hartford Fire Ins.*, 193 F.R.D. at 160 (three months); *New England Petroleum Corp. v. Fed. Energy Admin.*, 71 F.R.D. 454, 460 (S.D.N.Y. 1976) (four months). Nell argues that Chase should have named the FDIC when it filed its foreclosure action in July of 2009, but Chase was not obligated to anticipate Nell's counterclaims, particularly where, as discussed *infra*, Nell had not yet raised those claims in the FDIC's prerequisite review process. *See Halpern v. Rosenbloom*, 459 F. Supp. 1346, 1354 (S.D.N.Y. 1978) ("[P]laintiffs are not required to anticipate [a] defendant's counterclaims and join all parties that may be necessary for defendant's benefit.") In any event, as discussed *infra*, the FDIC, not Chase, is the holder of WaMu's pre-failure liabilities and the only party who can grant Nell the relief he seeks in the Borrower Claims. Therefore even if the FDIC were *arguendo* slow to intervene, its appearance to defend those claims in the absence of intervening action would not prejudice Nell.

For an interest to be cognizable by Rule 24(a)(2), "it must be direct, substantial, and legally protectable." *Bridgeport Guardians v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010) (citation omitted). An owner of property underlying an action has a direct interest in the action

for Rule 24(a) purposes. *See Long Island Trucking*, 219 F.R.D. at 56 (citing *Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 130 (2d Cir. 2001)).

The FDIC asserts that it holds all borrower liabilities for the Mortgage. Nell counters that the FDIC and Chase have not proven the purchase of his specific Mortgage. (*See* Opp. Mem. at 2.) But on its face, the P & A Agreement establishes the interests of Chase and the FDIC in *all* assets of WaMu, including Nell's Mortgage. (*See* Landis Decl. Ex. A (Doc. No. 21-4) at 13.) Moreover, the FDIC has provided a record copy of Nell's Mortgage, and a declaration by a Chase Mortgage Officer under penalty of perjury confirming purchase of the Mortgage. (*See* Landis Decl. (Doc. No. 21-3) at 2.)

Other courts have recognized that, under Section 2.5 of this same P & A Agreement, the FDIC retained liability for borrower claims arising from WaMu's pre-failure lending activities. *See, e.g.*, *Yeomalakis v. FDIC*, 562 F.3d 56, 60 (1st Cir. 2009) ("When Washington Mutual failed, Chase Bank acquired many assets but its agreement with the FDIC retains for the FDIC 'any liability associated with borrower claims for payment of or any liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower.'" (quoting P & A Agreement)); *Cassese v. Wash. Mut., Inc.*, No. 05 CV 2724(ADS)(ARL), 2008 WL 7022845, at *3 (E.D.N.Y. Dec. 22, 2008) ("[B]y the terms of the P & A Agreement, JP Morgan Chase expressly disclaimed assumption of liability arising from borrower claims . . . . This Section leaves the FDIC as the responsible party with respect to those claims."); *Molina v. Wash. Mut. Bank*, No. 09-CV-00894-IEG (AJB), 2010 WL 431439, at *4 (S.D. Cal. Jan. 29, 2010) ("JPMorgan has expressly not assumed WAMU's liabilities relating to borrower claims"); *Aragon v. FDIC*, No. 2:09CV00793DS, 2010 WL 331907, at *1 (D. Utah Jan. 28, 2010).

The third and fourth factors in this circuit's Rule 24(a)(2) analysis are uncontested by Nell, and are easily met where, as here, the FDIC seeks to intervene as a receiver. The FDIC has a general statutory duty under FIRREA to dispose of receivership assets acquired from distressed institutions. *See CEP Emery Tech Investors, LLC v. JPMorgan Chase Bank, N.A.*, No. 09-04409 SBA, 2010 WL 1460263, at *4 (N.D. Cal. Apr. 12, 2010). If this Court allowed Nell to bring his Borrower Claims directly against Chase without FDIC intervention, Nell could effectively (1) unwind the P & A Agreement between the FDIC and Chase, and (2) impair the FDIC's ability to deal with future distressed institutions and dispose of their assets in an expeditious and efficient manner. *See id.* (citing *Sahni v. Am. Diversified Partners*, 83 F.3d 1054, 1058 (9th Cir. 1996)). No present party represents the FDIC in these general statutory duties, or in its particular role as receiver for the Borrower Claims.

Because the FDIC satisfies all four requirements of Rule 24(a)(2), and because the Court in its discretion finds that the balance of these factors favors intervention, the FDIC's motion to intervene as a counterclaim defendant to the Borrower Claims is granted. *See New Century Bank v. Open Solutions, Inc.*, Civ. No. 10–6537, 2011 WL 1666926, at *3 (E.D. Pa. May 2, 2011) (allowing FDIC to intervene as counterclaim defendant under Rule 24 even after final judgment was entered, and to move to dismiss counterclaims for lack of jurisdiction); *see also Bank One Texas Nat. Ass'n v. Morrison*, 26 F.3d 544, 547 (5th Cir. 1994) (finding that FDIC, as receiver of failed bank, properly intervened as defendant of counterclaims against bank for pre-failure activities).

Further, since Chase's third-party complaint demands judgment against FDIC solely for its liability under the Borrower Claims, (*see* Third-Party Complaint, Ex. I to Notice of Removal

(Doc. No. 1-4) at 110 ¶ 10)), and since the FDIC has now intervened as defendant to those claims, Chase's third-party complaint is dismissed as moot.

**II. Subject Matter Jurisdiction**

All of Chase's claims against Nell sound in state law, as do Nell's non-borrower counterclaims against Chase. Only Nell's Borrower Claims, by alleging liabilities now held by the FDIC as WaMu's receiver, allowed this case to be removed to federal court under 12 U.S.C. § 1819(b)(2)(A). The FDIC now asks this court to dismiss the Borrower Claims for Nell's failure to exhaust administrative remedies. If the Borrower Claims are dismissed, no basis for original federal jurisdiction will remain in the case.

**A. Standard**

Federal district courts are "courts of limited jurisdiction" whose powers are confined to statutorily and constitutionally granted authority. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (internal citations and quotation marks omitted). Determining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is properly dismissed under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citations and quotation marks omitted).

When a district court dismisses all claims over which it had original jurisdiction, the court exercises supplemental jurisdiction over remaining state law claims at its discretion. *Parker v. Della Rocco*, 252 F.3d 663, 666 (2d Cir. 2001) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The lack of subject matter jurisdiction for a removed action cannot be waived by either party, and may be raised at any time, either on motion, or *sua*

*sponte* by the court. *Stewart v. Atwood*, --- F. Supp. 2d ----, 2011 WL 5120427, at *3 (W.D.N.Y. Jan. 17, 2012) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996)).

## B. Dismissal of Nell's Borrower Claims against the FDIC

The FIRREA, at 12 U.S.C. § 1821(d)(13)(D), deprives courts of subject matter jurisdiction over claims against an institution in FDIC receivership until the claimant complies with a mandatory statutory claims procedure. *Carlysle Towers Condo Ass'n, Inc. v. FDIC*, 170 F.3d 301, 307 (2d Cir. 1999); *Resolution Trust Corp. v. Elman*, 949 F.2d 624, 627 (2d Cir. 1991). Exhaustion of the statutory claims procedure is a jurisdictional requirement. *Carlysle Towers Condo Ass'n*, 170 F.3d at 307; *Circle Indus., Div. of Nastasi-White, Inc. v. City Fed. Sav. Bank*, 749 F. Supp. 447, 452 (E.D.N.Y. 1990), *aff'd* 931 F.2d 7 (2d Cir. 1991) (per curiam). The exhaustion requirement applies to counterclaims. *Beal Bank Nev. v. Bus. Bank of St. Louis*, No. 4:11 CV 561 DDN, 2011 WL 3444241, at *4 (E.D. Mo. Aug. 8, 2011) (citing *Am. First Fed., Inc. v. Lake Forest Park, Inc.*, 198 F.3d 1259, 1263 (11th Cir. 1999); *Resolution Trust Corp. v. Midwest Fed. Sav. Bank of Minot*, 36 F.3d 785, 791 (9th Cir. 1993)); *see also Elman*, 949 F.2d at 627. FIRREA "make[s] crystal clear that judicial review is authorized only after a claimant files a proof of claim and the FDIC either denies the claim or fails to adjudicate the claim in a timely manner." *Huggins v. FDIC*, No. 07 CV 5313 (RJD)(VPP), 2010 WL 3926263, at *2 (E.D.N.Y. Sept. 29, 2010).

The FIRREA statutory claims procedure, 12 U.S.C. §§ 1821(d)(3)–(13), is the initial mechanism for resolving claims against failed banks placed into FDIC receivership. *See Circle Indus.*, 749 F. Supp. at 451–52. Once appointed receiver for a failed bank, the FDIC must notify potential creditors of the claims resolution process and the claims bar date. *See* 12 U.S.C. § 1821(d)(3)(B). If a creditor files a proof of claim before the claims bar date, and the claim is

disallowed, the creditor may request further administrative review of the FDIC's determination or may "file suit on such claim (or continue an action commenced before the appointment of the receiver)" within 60 days of being notified of the FDIC's determination. 12 U.S.C. § 1821(d)(6)(A). A claim filed after the claims bar date "may" be considered if the claimant did not know of the receiver's appointment in time to file a claim before the bar date, and if the claim is filed in time to permit payment. 12 U.S.C. § 1821(d)(5)(C)(ii). No claim may be adjudicated in federal court until exhaustion of the statutory claims procedure. 12 U.S.C. § 1821(d)(13); *Aber-Shukofsky v. JPMorgan Chase & Co.*, 755 F. Supp. 2d. 441, 445 (E.D.N.Y. 2010) ("The administrative review process provided by FIRREA is a prerequisite to judicial review. Until such time as the claim is disallowed by the FDIC, section 1821(d)(13) expressly revokes the jurisdiction of all federal courts to decide claims against the assets of a failed institution."); *Circle Indus.*, 749 F. Supp. at 452.

In the present case, the FDIC submits that it published notices in several newspapers, including the Seattle Times and the Wall Street Journal, advising that claims against WaMu, together with supporting proof, were to be submitted to the FDIC for administrative review by December 30, 2008. (Barter Decl. (Doc. No. 19-2) ¶ 7, Ex. D.) The FDIC further states that, eight days after Chase informed it that Nell had potential claims against WaMu, the FDIC sent him a "Notice to Discovered Creditor – Proof of Claim" letter, advising him that if he wished to pursue his claims against the FDIC in its capacity as receiver of his Mortgage, he would have to complete and file a proof of claim form with documentation supporting his claims. (*Id.* ¶ 8, Ex. E ("Nov. 3, 2009 Prof of Claim Letter").) The FDIC alleges that, as of February 28, 2011, Nell had not filed any claims. (*Id.* ¶ 9.)

Nell, as the party asserting the right to bring claims against a failed bank in receivership with the FDIC, bears the burden of demonstrating by a preponderance of the evidence that the Court has subject matter jurisdiction over his Borrower Claims. *Huggins*, 2010 WL 3926263, at *2 (citing *Moser v. Pollin*, 294 F.3d 335, 339 (2d Cir. 2002)); *see also Prieto v. Standard Fed. Sav. Bank*, 903 F. Supp. 670, 671 (S.D.N.Y. 1995) (dismissing unexhausted claims under FIRREA where claimant "does not allege that she submitted her claims . . . for administrative review.").

Nell, however, does not even contest the FDIC's assertion that he failed to submit a claim, either in his opposition filing or in any subsequent filing with the court. Nell also acknowledges that the FDIC, once granted intervention, has "broad power . . . to dispose of [his] counterclaims," and even quotes from the FDIC *Resolutions Handbook,* "All claimants, including those who may have been suing the failed institution, must the file proof of their claims with the receiver by a specified deadline." (Opp. Mem. at 3–4.) Nell's sole argument for avoiding this "broad power" is that his Mortgage was not acquired from WaMu, but that contention is wholly belied by a plain reading of the P & A Agreement and the declaration of Chase's Mortgage Officer confirming purchase of the Mortgage, as discussed *supra*.

As Nell has thus failed to show exhaustion of his statutory remedies with respect to the FDIC, this Court lacks jurisdiction over the Borrower Claims, which must be dismissed. *See Elman*, 949 F.2d at 627; *Huggins*, 2010 WL 3926263, at *4–5 (dismissing claims by mortgagor for violations of the Truth in Lending Act against FDIC, substituted as real party in interest for mortgagee WaMu, because "unless and until [mortgagor] files the proof of claims with the FDIC and receives a disallowance, the Court does not have jurisdiction to hear his claims."); *Bank of Am. v. Macho*, No. 96124, 2011 -Ohio- 5495, 2011 WL 5118329 (Ct. App. Oct. 27, 2011)

(affirming dismissal of mortgagor's counterclaims against FDIC, substituted as real party in interest for mortgagee WaMu, for failure to exhaust administrative remedies under FIRREA); *see also Aber-Shukofsky*, 755 F. Supp. 2d at 447 (holding that failure to exhaust administrative remedies under FIRREA jurisdictionally bars all claims for a failed bank's prior acts or omissions, even when brought directly against the bank's third-party purchaser without the FDIC's intervention).

### C. Dismissal of all remaining state law claims

A district court has the discretion to remand a case removed under § 1819(b)(2)(B) after dismissing all claims against the FDIC. *Mizuna, Ltd. v. Crossland Fed. Sav. Bank*, 90 F.3d 650, 657 (2d Cir. 1996) (citing 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)). Where no issues pertaining to the FDIC remain and no independent basis for federal jurisdiction exists, remand is warranted. *See First Financial Bank, N.A. v. Claassen*, No. CV11–1728–PHX DGC, 2011 WL 5865013 (D. Ariz., Nov. 22, 2011) (granting third-party defendant FDIC's motion to dismiss all claims against it, and defendant's motion to remand case removed under § 1819(b)(2)(B), since FDIC was no longer a party to the case); *Mapoy v. Wash. Mut. Bank, FA*, No. 11–1451 SC, 2011 WL 2580655, at *4 (N.D. Cal. June 29, 2011) (dismissing all claims against FDIC for failure to exhaust administrative remedies, and giving plaintiff thirty days to allege new basis for federal jurisdiction or face *sua sponte* remand); *DLJ Mortg. Capital, Inc. v. Kontogiannis*, No. 10 Civ. 9092(LTS), 2011 WL 611836, at *2 (S.D.N.Y. Feb. 17, 2011) (remanding state law claims after determining that FDIC was improperly made party to litigation).

Here, the FDIC's presence was the sole basis for federal jurisdiction. The FDIC has an unqualified right to remove "all suits of a civil nature at common law or in equity" to which it, in

any capacity, is a party. 12 U.S.C. § 1819(b)(2)(A). When the FDIC was made a third-party defendant, it was therefore permitted to remove the case and to have the appropriate United States District Court decide its motions for intervention and dismissal. *See id*. Now that the Borrower Claims are dismissed, and the FDIC is no longer a party to this action, the remaining claims sound only in state law.

The Second Circuit has identified certain factors that favor retaining jurisdiction after dismissing the FDIC as a party — when substantial judicial resources have been expended, resolution is imminent, or remanding the case would facilitate a bald effort by a party to escape an unfavorable outcome. *See Mizuna*, 90 F.3d at 657. None, however, are present here. Chase's well-pleaded complaint raises state mortgage, contract, and banking law claims that remain largely unresolved, and Nell has steadfastly fought for return of this case to state court. (*See, e.g.*, June 14, 2010 Mot. to Remand (Doc. No. 7).) When all federal claims are eliminated in the early stages of litigation, the balance of factors generally disfavors exercising pendant jurisdiction over remaining state law claims. *Tops Markets, Inc. v. Quality Markets, Inc.*, 142 F.3d 90, 103 (2d Cir. 1998).

Accordingly, upon considering the values of "judicial economy, convenience, fairness, and comity," *Mizuna*, 90 F.3d at 657 (quoting *Carnegie-Mellon Univ.*, 484 U.S. at 357), the court, in the exercise of its discretion, remands this case the Supreme Court of the State of New York, County of Richmond, for lack of federal subject matter jurisdiction.[3]

---

[3] Because Nell has not exhausted his Borrower Claims with the FDIC, the Court need not reach the FDIC's argument that such claims, once exhausted, can only be brought in the District Courts for the District of Columbia and the Western District of Washington. (Mot. to Dismiss at 24.)

## CONCLUSION

For the reasons stated above, the FDIC's motion to intervene and dismiss (Doc. No. 19) is GRANTED. Defendant Nell's counterclaims two, four, five, six, and seven are dismissed, Chase's third-party complaint against the FDIC is also dismissed, and the remaining claims are remanded to Supreme Court of the State of New York, County of Richmond. The Clerk of Court is directed to remand this action as ordered herein, and to close this case in this court.

SO ORDERED.

Dated: Brooklyn, New York
March 27, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge